HENRY MORITZ, Respondent, *v.* J. EISNER & SONS CO., INC., Appellant.

First Department, April 3, 1925.

References — action to recover plaintiff's share of net profits of branch of business conducted by him — motion for reference on ground that long account is involved — action is based on claim that showing of no net profits is result of overcharge on cost of merchandise and on overhead expenses — affidavits by plaintiff fail to show long account — reference denied.

In an action to recover plaintiff's share of the net profits of a branch of defendant's business conducted by the plaintiff, which action is based on the claim that the showing by the defendant of no net profits in that branch of the business was due to the fact that the defendant overcharged the cost of merchandise and the cost of overhead expenses, a reference on the ground that a long account is involved should be denied, since the primary question is the right of the plaintiff to recover damages for wrongful discharge and for defendant's fraudulently overcharging the cost of merchandise and overhead expenses in plaintiff's branch of the business, and the question of the account is only incidentally involved, and for the further reason that the affidavits by the plaintiff fail to establish that a long account, in the legal sense of that phrase, is involved in the litigation other than a mere statement to that effect.

APPEAL by the defendant, J. Eisner & Sons Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of February, 1925, granting plaintiff's motion for the appointment of a referee to hear and determine the issues in this action on the ground that a long account is involved.

*Weschler & Kohn* [*J. Charles Weschler* of counsel], for the appellant.

*May & Jacobson* [*Isaac N. Jacobson* of counsel], for the respondent.

McAVOY, J.:

In this cause the complaint alleges in paragraph " Nine ": " On information and belief that for the purpose of cheating and

defrauding this plaintiff out of the share of the net profits due to him as aforesaid [having alleged an agreement to pay a certain percentage of profits after certain deductions], the defendant has charged to the said branch as cost of the merchandise a sum in excess of the net cost of manufacturing to the defendant, and a sum in excess of 10% additional to cover overhead expense and profit, and has refused and refuses to pay to plaintiff any sum for his share of said profit, and has claimed and claims that there has been no net profit made during said period by said branch."

Plaintiff claims that by this means he has been damaged in the sum of $102,000. This is the basic ground of the action in so far as a right to any account may be had.

The defendant's answer alleges that at the end of the first and second years of the contract period, statements were submitted to the plaintiff showing that no net profits had been made during said period by the said branch of Jahnkeles Clothes Co., Inc., which is the department of defendant's business in which plaintiff was employed, and that such statements were accepted by the plaintiff.

The Special Term directed a reference of the issues on the ground that a long account was involved. We do not think that the issues between the parties here can be said to involve directly a long account as that term is interpreted in the decisions.

Incidentally the account of defendant with plaintiff will be investigated to determine his damages, but primarily his right to damage because of his discharge and through including costs of manufacture not properly chargeable and charging sums of money more than ten per cent additional to cover overhead expense, presents the sole features partaking of the nature of an account which will be the subject of this action between employer and employee.

The affidavits, undenied, show that the plaintiff has had an examination of the books of account of the defendant, and has spent some weeks in investigating the disputed items; yet there is nothing in the record to support the summary statement that a long account will be necessary to establish how much is excess charge for manufacturing cost and how much additional beyond ten per cent thereof is charged for overhead expense. These items are traceable, if capable of discovery at all, in an examination before trial of the books of account of the defendant and inspection of such other documents under defendant's control as would show the amounts of surcharge to be made against defendant. When these are summarized they may be readily submitted to a jury for determination as to their accuracy and whether they are properly chargeable against plaintiff's commission account.

If there are many items, that does not now appear; and we are not informed, except by statements of the affiant's conclusions as to what the volume of the proof in accounting items might be after a proper examination of the books and related documents.

In this state of the proof, a case for a reference on the ground that the account would be necessarily a long one is not made out.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with leave to renew after examination before trial discloses the extent of the account necessarily to be involved on a trial.

DOWLING, MERRELL, FINCH and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with leave to renew after an examination of the defendant before trial shall have disclosed the extent of the account necessarily to be involved on a trial.